UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO: 1:08-CR-009-P-BL-1 |
| COREY ALAN BROCKMAN | § § § | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. §636(b) and the referral Order dated June 10, 2015 (Doc. 54), addressing the motion to revoke Defendant Corey Alan Brockman's term of supervised release.

I. PROCEDURAL BACKGROUND

   A. Original Conviction and Prior Revocation Proceedings

On August 27, 2008, Defendant Corey Alan Brockman (hereafter "Defendant") was sentenced to 24 months incarceration, with an 3-year term of supervised release, after pleading guilty to one count of Convicted Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 25, pp. 1-4). Supervision commenced October 29, 2013 (Doc. 39, p. 1).

On January 1, 2015, jurisdiction was transferred from Senior U.S. District Judge Sam R. Cummings to Chief U.S. District Judge Jorge A. Solis.

   B. Current Revocation Proceedings

   1) Procedural History

1

Before the Court is the Government's Motion to Revoke Supervised Release dated May 27, 2015 (Doc. 41), requesting revocation of Defendant's supervised release and entry of an order to serve a sentence as determined by the Court. This Motion followed a Petition of the United States Probation Office, (Doc. 39), dated April 21, 2015, requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The District Judge ordered the issuance of a warrant on May 19, 2015 (Doc. 39, p. 2), and the Magistrate Judge conducted an initial appearance on May 28, 2015 (Doc. 44). A preliminary revocation hearing was held on June 4, 2015 (Doc. 44), at which time Defendant, represented by counsel, orally waived detention and did not contest probable cause (Doc. 51), followed by a written waiver filed June 8, 2015 (Doc. 53). An Order of Detention and Finding Probable Cause was entered by the Magistrate Judge on June 5, 2015 (Doc. 52).

## 2) Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state, or local crime.

**Violation of Standard Condition No. 11**

The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

**Nature of Noncompliance**

Corey Alan Brockman (Brockman) violated these conditions of supervised release on October 11, 2014, by driving a vehicle without a valid license. On October 11, 2014, Brockman was issued a citation in Taylor County, Texas, by Texas Department of Public Safety Trooper Charles Hoover, II, for the offense of Driving While License Invalid, in violation of Texas Traffic Code §

---

[1] Alleged violations taken from Petition for Offender under Supervision dated April 21, 2015.

2

521.457(e). Additionally, on October 31, 2014, Brockman failed to appear related to this citation in Taylor County Justice of the Peace, Precinct 1, Place 1 Criminal Court. On November 18, 2014, Brockman was found guilty of said charge in Case No. CR14-166075J11, Taylor County Justice of the Peace, Precinct 1, Place 1 Criminal Court. He was ordered to pay a fine and costs in the amount of $369.

Further, Brockman was arrested in Abilene, Texas, on or about March 13, 2015, on an outstanding warrant from Garza County, Texas, for the offense of Theft of Property by Check, in violation of Texas Penal Code § 31.03(e)(2)(Aii). The Complaint filed in Garza County Court, Post, Texas, Case No. 11301, alleges Brockman unlawfully appropriated fuel of the value of $20 or more, but less than $500, from Jerry's Gas and More, Jerry Hair, owner by issuing or passing a check when Brockman did not have sufficient funds in his account with First Financial Bank.

Additionally, Brockman was also arrested in Abilene, Texas, on or about March 13, 2015, on a pre-indictment warrant issued from the 104th District Court, Taylor County, Texas, in Case No. 5065-P, for the offense of Exploitation of Child, Elderly Individual, or Disabled Individual, in violation of Texas Penal Code § 32.53. According to the offense report obtained from the Abilene Police Department, Abilene, Texas, Brockman took checks from an elderly family member and fraudulently cashed checks on the family member's account, in an amount totaling $9,110.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on June 23, 2015, before the Magistrate Judge. Defendant was represented by Jacob Blizzard; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded. Upon call of the matter, Defendant was placed under oath and advised of the alleged violations by reading the revocation motion. **Defendant consented orally and in writing to allocution before the Magistrate Judge (Doc. 57).**

The undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. The undersigned also informed Defendant that the presiding District Judge was not obligated to impose the sentence recommended by the Magistrate Judge. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B (2) above. Defendant also indicated he was

aware that the Taylor County charges were separate and distinct from the subject revocation proceedings.

Defendant accepted the invitation to allocute, limiting his comments to the theft by check charge involving his grandfather's account. Defendant stated he had since spoken to his grandfather and had taken responsibility for his actions. He indicated his grandfather had given him money on past occasions, and that he was broke at the time of the offense. Defendant stated he was earning approximately $6000 per month at the time of his arrest, and that if released, he could immediately return to work and make restitution to his grandfather. He also stated that his girlfriend relies on his income for support. Defendant requested leniency so that he might spend time with his family and "make it right" with his grandfather.

Defense counsel presented argument is support of leniency, noting that, until the subject violations, Defendant had been a good probationer. Reimposition of supervised release would allow him to take care of his family and satisfy the obligation owed to the grandfather. In the alternative, counsel asked that any custodial sentence be minimal, and that such run concurrently with any sentence imposed on the state charge.

## II. FINDINGS OF THE COURT

(1) The Defendant pled true to the allegations that he violated conditions of his supervised release as contained in the Government's Motion to Revoke, and set forth in Section I.B (2) above.

(2) The Defendant was competent to make the decision to plead true to the allegations.

(3) The Defendant had both a factual and rational understanding of the proceedings against him.

(4) The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

(5) The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense.

(6) The Defendant received a copy of the Government's Motion to Revoke, either read it or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him.

(7) A preliminary revocation hearing was held, at which time Defendant, represented by counsel, declined to contest probable cause as to the alleged violations and also declined to contest detention. An Order of Detention and Finding Probable Cause was subsequently entered by the Magistrate Judge.

(8) At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B (2) above.

(9) The Defendant violated conditions of his supervised release.

## III. SENTENCING

### A. FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

i. The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

ii. The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18

5

iii. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and,

v. The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

### B.  STATUTORY AND GUIDELINE PROVISIONS

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a range of imprisonment of eight to fourteen months, based upon Defendant's criminal history category of III and the admitted violations being that of Grade B. Supervision shall be revoked upon the finding of a Grade A or B violation, pursuant to United States Sentencing Guideline 7B1.3(a)(1).

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release that could be imposed must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h). In this case, Defendant is subject to a term of supervised

---

U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release.

release of 3 years, less any term of imprisonment imposed upon revocation of his supervised release.

## IV.   ANALYSIS AND RECOMMENDATION

Defendant, although characterized as being in "good standing" with the terms of his probation prior to the alleged violations, admits to committing three violations in a relatively short period of time while on supervision. The first, driving without a valid license, and the second, theft by check, are not as egregious as the third, fraudulently cashing checks drawn on his grandfather's account totaling $9,110. When asked on direct examination what the money had been used for, Defendant only responded "for miscellaneous stuff". Due to his continued illegal conduct, it is **recommended** that a **sentence of 14 months** is appropriate, with said term to run **concurrently** with any sentence imposed on the state charge.

It is further **recommended** that **no additional term of supervised release** be imposed. Defendant has served one-half of his original term and been afforded the opportunity of counseling programs. Although a term of 22-months is permissible (assuming a 14 month term of imprisonment), it does not appear Defendant would benefit from another term of supervision.

Upon consideration of the foregoing, the Magistrate Judge **RECOMMENDS** that:

(1)   Defendant be found to have violated the conditions of his supervised release as set forth in Section I.B (2) above and that his supervised release be **REVOKED**;

(2)   Defendant be **SENTENCED** to the custody of the Attorney General for a period of **fourteen (14) months,** with said term to run concurrently with any sentence imposed on the state charge; and that

(3)   No additional term of supervised release be imposed, as it does not appear Defendant would benefit from another term of supervised release.

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 30th day of June, 2015.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE